# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANA BOBADILLA<br>44 Woodbrook Drive<br>Coatesville, PA 19320 | : CIVIL ACTION – LAW<br>: NO.<br>:<br>: |
| Plaintiff, | : *Electronically filed*<br>: |
| vs. | :<br>: |
| BURKHOLDER BROTHERS INC<br>359 Paoli Pike<br>Malvern, PA 19335 | : JURY TRIAL OF 12 DEMANDED<br>:<br>:<br>: |
| Defendant, | : |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*., as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), as well as under Title VII, 42 U.S.C. §2000e, *et seq*. Plaintiff's Notice of Right to Sue letter was issued April 16, 2026 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice.  Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission and it has not been one year since that

1

cross-filing. Plaintiff seeks the Court to deem this action filed when one year has passed. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2.     Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Chester County, the incidents in question occurred in Chester County, and Defendant employed Plaintiff in Chester County.

**FACTUAL ALLEGATIONS**

3.     Plaintiff Deana Bobadilla ("Plaintiff"), currently, and at the time of the illegal activity herein occurred, resides at 44 Woodbrook Drive, Coatesville, PA 19320.

4.     Defendant Burkholder Brothers Inc. ("Defendant") is a domestic nonprofit corporation with its principal and registered place of business located at 359 Paoli Pike, Suite 1, Malvern PA 19336.

5.     Defendant is a company that performs home landscaping and outside design.

6.     Defendant employees more than 15 employees.

2

7. At the time of the incidents in question, Defendant was owned by two brothers, Mark and Barry Burkholder, and there were divided lines of authority in the workplace.

8. Plaintiff was hired by Defendant as a Human Resource Manager in September 2024.

9. Plaintiff is in the following protected classes: age (55 years); disability (anxiety); sex (female).

10. Plaintiff was constructively discharged on December 5, 2025, after a sustained period where Barry Burkholder, despite knowing of Plaintiff's anxiety (a disability under the Americans with Disabilities Act), failed to accommodate her, invaded her personal space, insulted her, questioned her competence, yelled at her, humiliated her in public, and held daily early morning meetings to micromanage and upset her.

11. Plaintiff was subject to a hostile work environment.

12. Barry Burkholder did this activity in front of various people over time, including Mark Burkholder and Director Tim Etriken.

12. Plaintiff believes Barry Burkholder's conduct was calculated to make Plaintiff resign.

13. Mark Burkholder recognized Barry Burkholder's conduct was inappropriate and tried to intervene several times on Plaintiff's behalf.

14. Mark and Barry Burkholder had substantial disagreements on how to run the company and were often at odds.

15. Mark Burkholder's efforts were not successful.

16. Barry Burkholder on several occasions said, "She [Plaintiff] was told old for the job."

17. On different occasions, in mid-November, before the time of her constructive discharge, Barry Burkholder yelled at Plaintiff the following:

   (a) "why are you here today?"

   (b) "you need to leave."

   (c) "you don't know anything."

   (d) "we don't need you."

17. The relationship between Plaintiff and Barry Burkholder deteriorated starting in Spring 2025, when Plaintiff refused to participate in violations of Immigration Law.

18. The relationship between Barry and Mark was poor and this was a significant added stressor in the workplace.

19. Plaintiff was having panic attacks as a result of the toxic workplace situation and was having trouble sleeping and was in a state of high anxiety.

20. Plaintiff had to seek medical help and sought reasonable accommodation because of Barry Burkholder's treatment.

4

21.    Plaintiff asked for the reasonable accommodation of working remotely on high stress days when she experienced high anxiety or significant panic attacks. Plaintiff always would go into work initially, but it was recommended to Plaintiff by her physician that she go home if the environment at work deteriorated.

22.    Barry Burkholder did not respond to the accommodation request and/or denied this request outright.

23.    In early November, 2025, Plaintiff was given an evaluation by Mark Burkholder which was good, but shortly thereafter Barry Burkholder issued a bad performance review.

24.    In early December, a "donut day" was held to increase morale at Defendant.

25.    One of the employees, aligned with Barry, left off the email invite list Mark Burkholder and employees perceived to be friendly with Mark.

26.    As Director of Human Resources, Plaintiff counseled the employee to invite all employees.

27.    Barry Burkholder yelled at Plaintiff and publicly berated her for counseling the employee.

28.    Barry Burkholder told Plaintiff on this occasion: "Leave, you are done."

29. Mark Burholder, who was present, said Plaintiff did not have to leave.

30. Barry Burkholder yelled in response: "I am the President! Leave!"

31. Plaintiff had a panic attack as a result of the incident.

32. Plaintiff reasonably thought there was finality to the command and that even if it was not final, the conduct of Barry Burkholder was not good for her health.

33. Plaintiff asked for severance and said she would resign if it was given.

34. No severance was offered.

35. Plaintiff resigned because the toxic work environment was not being addressed, including but not limited to, Barry Burkholder's ongoing treatment and his actions in regards to her review.

36. Defendant did not engage or properly engage in the ADA's interactive process and/or failed to reasonably accommodate Plaintiff.

37. Defendant discriminated against Plaintiff because of her ADA protected condition, anxiety.

38. Defendant retaliated against and terminated Plaintiff after Defendant failed to accommodate Plaintiff's reported disability.

39. Alternatively, Plaintiff has been discriminated against by Defendant because of age.

40.     Defendant hired a much younger person in her 20s or 30s to replace Plaintiff.

41.     Alternatively, Plaintiff has been discriminated against by Defendant because of sex.

42.     Alternatively, Defendant retaliated against Plaintiff because of Plaintiff's complaints of discrimination.

43.     At the time of her treatment in mid-November and early December, Barry Burkholder knew of Plaintiff's medical condition, anxiety.

44.     Plaintiff suffered damages because of the conduct of Defendant, including but not limited to, lost wages, lost benefits, pain, suffering, humiliation embarrassment and emotional distress.

45.     Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

46.     Defendant acted with willfulness under the Age Discrimination in Employment Act making it liable for liquidated damages.

47.   Defendant acted maliciously, oppressively, or in reckless disregard of Plaintiff's rights under federal law making it liable for punitive damages under the ADA and Title VII, or such similar state law punitive damage standard under state law making it liable for punitive damages.

48.   An Owner and some of upper management participated in all relevant decisions.

49.   Defendants' activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

50.   No similarly-situated members of other protected classes were treated in this fashion.

51.   Plaintiff's counsel has incurred and will incurred attorney's fees and costs which are recoverable under the federal causes of action in this Complaint.

52.   At all relevant times, Barry Burkholder and upper management either (1) intentionally or recklessly ignored company non-discrimination and non-retaliation policies, or (2) were inadequately trained in recognition of reasonable accommodation requests or situations which result in the triggering of an interactive process.

53.   There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## HOSTILE WORK ENVIRONMENT

54.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

55.   Plaintiff is in a protected class because of her age, 55.

56.   Plaintiff was qualified for her position.

57.   Defendants' management subjected Plaintiff to intentional severe and pervasive conduct because of her age.

58.   Plaintiff has suffered damages caused by Defendants.

59.   There is a basis for vicarious liability.

60.   Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendants:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) medical expenses for additional treatment caused by the conduct of the employer; (6) liquidated damages; (7) an additional amount for the tax consequences for an

award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere</u> <u>Systems, Inc.</u>, 554 F.3d 426 (3d Cir. 2009); (8) other costs of the action.

## COUNT II
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## <u>AGE DISCRIMINATION</u>

61.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

62.    Plaintiff is in a protected class because of her age, 55 years old at the time of her constructive discharge.

63.    Plaintiff was constructively discharged because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to, those who are not in a protected age class.

64.    Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being constructively discharged.

65.    Plaintiff has suffered damages caused by Defendant.

66.    Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendant: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as

10

rehiring; (3) a reasonable attorney's fee as provided by the ADEA; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) liquidated damages; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (8) other costs of the action.

## COUNT III
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT RETALIATION

67.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

68.    Plaintiff is in a protected class because of her age, 55 years old at the time of her constructive discharge.

69.    Plaintiff engaged in oppositional conduct in relation to her treatment because of her age.

70.    Plaintiff engaged in participatory conduct in relation to her treatment because of her age.

11

71.    Plaintiff suffered conduct that would dissuade a reasonable employee from raising a concern about a possible violation or engaging in other related protected activity.

72.    There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

73.    Plaintiff has suffered damages.

74.    Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendant(s):  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee as provided by the ADEA; (4) the employee's expert witness fee, if any; (5) liquidated damages; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IV
### DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### HOSTILE WORK ENVIRONMENT

75.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

76.    Plaintiff is in a protected class because of her age, being 55 years old at the time of her termination.

77.    Defendants' management subjected Plaintiff intentional severe and pervasive conduct because of her age.

78.    Plaintiff has suffered damages caused by Defendant(s).

WHEREFORE, Plaintiff demands the following relief from Defendant(s): (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee by the PHRA; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) compensatory damages, including but not limited to damages for pain, suffering and humiliation; (7) additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (8) other costs of the action.

# COUNT V

## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## <u>AGE DISCRIMINATION</u>

79.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

80.    Plaintiff is in a protected class because of her age, being 55 years old at the time of her constructive discharge.

81.    Plaintiff was constructively discharged because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to, those who are not in a protected age class.

82.    Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being constructively discharged.

83.    Plaintiff has suffered damages caused by Defendant.

WHEREFORE, Plaintiff demands the following relief from Defendant: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee as provided by the PHRA; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) compensatory damages, including but not limited to damages for pain, suffering

and humiliation; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (8) other costs of the action.

## COUNT VI
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION

84.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

85.    Plaintiff is in a protected class because of her age.

86.    Plaintiff engaged in oppositional conduct in relation to her treatment because of her age.

87.    Plaintiff engaged in participatory conduct in relation to her treatment because of her age.

88.    Plaintiff suffered conduct that would dissuade a reasonable employee from raising a concern about a possible violation or engaging in other related protected activity.

89.    There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

90.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief from Defendant(s):  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee as provided by the PHRA; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) compensatory damages, including but not limited to damages for pain, suffering and humiliation; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (8) other costs of the action.

## COUNT VII
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## AMERICANS WITH DISABILITIES ACT
## HOSTILE WORK ENVIRONMENT

91.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

92.     Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

93.     Defendants' management subjected Plaintiff to intentional severe and pervasive conduct because of her ADA-protected conditions.

16

94.    Plaintiff has suffered damages caused by Defendants.

95.    Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief from Defendants:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (8) other costs of the action.

## COUNT VIII
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## AMERICANS WITH DISABILITIES ACT
## REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

96.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

97.    Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

98.    Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

99.    Plaintiff put the employer on notice that she had a disability and, based on such notice, the employer was able to reasonably deduce that a request for accommodation was made.

100.    Plaintiff suffered adverse employment action because of her request for accommodation, including constructive discharge and/or a failure to engage in the interactive process and a failure to reasonably accommodate her.

101.    Defendants did not engage in the interactive process.

102.    Defendants failed to accommodate Plaintiff's ADA-protected conditions.

103.    Defendants had no undue hardship in accommodating Plaintiff's ADA-protected conditions.

104.    There is a causal link between the request for accommodation and the adverse actions Plaintiff experienced.

105.    Plaintiff suffered damages.

106.    Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (10) other costs of the action.

## COUNT IX
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION

107.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

108.   Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

109.   Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

110.   Plaintiff suffered an adverse employment action because of her ADA-protected conditions, including being treated differently in the terms, conditions, and benefits of her employment than people without a disability and/or being constructively discharged.

111.   There is a causal link between the adverse actions and the damages Plaintiff has suffered.

112.   Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (9) other costs of the action.

20

# COUNT X

## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## AMERICANS WITH DISABILITIES ACT
## <u>RETALIATION</u>

113.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

114.   Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

115.   Defendant knew of Plaintiff's assertions of ADA-protected rights and took adverse actions against her, including not providing her with reasonable accommodations and not engaging in an interactive process and/or constructively discharging her.

116.   There is a causal link between Plaintiff's assertion of her ADA rights and the adverse actions herein.

117.   Plaintiff suffered damages.

118.   Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6)

damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT XI
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## PENNSYLVANIA HUMAN RELATIONS ACT
## HOSTILE WORK ENVIRONMENT

119.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

120.   Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

121.   Defendants' management subjected Plaintiff to intentional severe and pervasive conduct because of her PHRA-protected conditions.

122.   Plaintiff has suffered damages caused by Defendants.

123.   Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendants:  (1) wages, employment benefits or other compensation denied or lost by such

22

violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) liquidated damages; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (9) other costs of the action.

## COUNT XII

### DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.

### PENNSYLVANIA HUMAN RELATIONS ACT

### REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

124.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

125.   Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

126.   Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

127.  Plaintiff put the employer on notice that she had a disability and, based on such notice, the employer was able to reasonably deduce that a request for accommodation was made.

128.  Plaintiff suffered adverse employment actions, including constructive discharge because of a desire not to engage the interactive process, and/or failure to engage in the interactive process and failure to reasonably accommodate her.

129.  Defendants did not engage in the interactive process.

130.  Defendants failed to accommodate Plaintiff's PHRA-protected conditions.

131.  Defendants had no undue hardship in accommodating Plaintiff's PHRA-protected conditions.

132.  There is a causal link between the Plaintiff's request for accommodation and the adverse actions Plaintiff experienced, including the constructive discharge of Plaintiff.

133.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain,

suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (9) other costs of the action.

## COUNT XIII
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## PENNSYLVANIA HUMAN RELATIONS ACT
## DISABILITY DISCRIMINATION

134.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

135.   Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

136.   Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

137.   Plaintiff suffered an adverse employment action because of her disability, including constructive discharge and being treated differently in the terms, conditions, and benefits of her employment than people without a disability.

138.   Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT XIV
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## PENNSYLVANIA HUMAN RELATIONS ACT
## DISABILITY -- RETALIATION

139. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

140. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

141. Defendant took adverse actions against Plaintiff for asking for accommodation, including not providing her with reasonable accommodations, not engaging in an interactive process, and/or constructive discharge.

142. There is a causal link between Plaintiff's request for accommodation and the adverse actions, including the constructive discharge of Plaintiff.

143. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (9) other costs of the action.

## COUNT XV
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF TITLE VII -- SEX
## HOSTILE WORK ENVIRONMENT

144.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

145.   Plaintiff is in a protected class because of her sex, female.

146.   Plaintiff suffered intentional discrimination because of her sex.

147.   Defendant's discrimination to Plaintiff was severe or pervasive.

148.   Defendant's discrimination detrimentally affected Plaintiff.

149.   Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

150.   There is a basis for vicarious liability presently.

151.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering and humiliation; (6) punitive damages; (7) other costs of the action; (8) interest;

and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVI
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
### VIOLATION OF TITLE VII
### SEX DISCRIMINATION

152.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

153.   Plaintiff is in a protected class because of her sex.

154.   Plaintiff was qualified for her position.

155.   Plaintiff suffered adverse employment action(s) because of her sex.

156.   There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

157.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering

and humiliation; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XVII
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF TITLE VII --SEX
## <u>RETALIATION</u>

158.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

159.   Plaintiff is in protected class because of her sex.

160.   Plaintiff suffered adverse employment action(s) because she reported sexual discrimination.

161.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

162.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

163.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

164. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering and humiliation;; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVIII
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT  -- SEX HOSTILE WORK ENVIRONMENT

165. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

166. Plaintiff is in a protected class because of her sex.

167. Plaintiff suffered intentional discrimination because of her sex.

168. Defendant's discrimination to Plaintiff was severe or pervasive.

169. Defendant's discrimination detrimentally affected Plaintiff.

170. Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

171. There is a basis for vicarious liability.

172. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering and humiliation;; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIX
## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT –
## SEX DISCRIMINATION

173. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

174. Plaintiff is in a protected class because of her sex.

175. Plaintiff was qualified for her position.

176. Plaintiff suffered adverse employment action(s) by Defendant because of her sex.

177. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

178. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) compensatory damages, including but not limited to damages for pain, suffering and humiliation; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XX

## DEANA BOBADILLA v. BURKHOLDER BROTHERS, INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT --

## SEX

## RETALIATION

179.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

180.    Plaintiff is in protected class because of her sex.

181.    Plaintiff suffered adverse employment action(s) because she reported sexual discrimination.

182.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

183.    Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

184.    There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

185.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5)

compensatory damages, including but not limited to damages for pain, suffering and humiliation; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

Respectfully submitted,

Date:_July 9, 2026__                    BY:__/s/ Edward C. Sweeney_____
                                     Edward C. Sweeney, Esquire
                                     Attorney for Plaintiff
                                     I.D. No.  64565
                                     102 Pickering Way, Suite 403
                                     Exton, PA  19341
                                     (610) 594-1600
                                     Validation of signature code: ECS1942